## A89A1364. ABIODUN v. CITIZENS & SOUTHERN NATIONAL BANK.

(384 SE2d 248)

BIRDSONG, Judge.

Sunday Abiodun appeals the grant of summary judgment to the C & S National Bank (C & S ) in his suit for malicious prosecution of a criminal action based on a number of forged checks which were negotiated in 1983.

The stolen checks were made out to Sunday Abiodun and were negotiated by a person bearing Abiodun's driver's license and a Clark College identification card. The first check was negotiated only a block from Abiodun's place of work and only ten minutes after he got off work. Abiodun was identified by a maintenance man who saw Abiodun driving away from an office on the night of the theft of some of the checks, but later the maintenance man professed himself to be unsure of this identification. The identification cards were appropriated by a bank teller on the last occasion at which the attempt was made to cash one of these checks, and Abiodun asserts that with only "slight diligence," the appellee's employer could have looked at the tag of the departing vehicle and that appellee could have thus determined that it belonged to Calvin A. Little, who later confessed to the forgeries.

Appellant's position, to which he says attaches every benefit on the appellee's motion for summary judgment, is that at every step of the appellee's investigation, appellee C & S could, with only slight diligence (see *Wilson v. Wheeler's, Inc.*, 190 Ga. App. 250 (378 SE2d 498)), have discovered all the evidence which he now says exonerates him, and thus there would have been no probable cause and no warrant or indictment.

Appellant contends a slight investigation would have revealed that his wallet was reported stolen in November 1983; and that no investigation was made of the known forger Calvin A. Little until after a warrant was issued for appellant, and that appellant's work records would have shown conclusively that he was working on the dates of the cashing of forged checks. Appellant contends all the facts then known to the investigator required further inquiry, and where a reasonable man would investigate further before pursuing the prosecution, he may be liable for failure to do so, according to *Wilson v. Wheeler's, Inc.*, supra. *Held:*

The trial court did not err in granting summary judgment to appellee C & S. The "known forger" Calvin A. Little did not admit his guilt of these forgery offenses until 1985. In the meantime, appellant's prosecution was reasonably based on his identification by the maintenance man who testified he saw him drive away in a blue car from the location of the stolen checks, by the fact that one of the checks was

presented by a person in a blue car, by the positive identification by three of the six tellers who cashed the checks, by the use of appellant's driver's license and college ID to cash checks made out to him, and by the fact that one was cashed one block from his place of work and ten minutes after he got off from work, and by the fact that all of the checks were passed within a reasonably short distance of his jobsite. It appears, furthermore, that nothing has yet come to light which conclusively negates appellant's involvement in the theft of checks and the forgeries.

Thus, despite appellant's assertion in brief that even though the first stolen check was passed one block away and ten minutes after his work, "any slight diligence on the part of appellee's agent . . . *would have revealed all the facts in this matter*" (emphasis supplied), he presents nothing below or here to persuade us how "all the facts" would conclusively have exonerated him, or even what such "facts" might have been. It is clear the appellee proceeded against the appellant in the criminal matter with sufficient diligence and probable cause; "all the facts" then pointed to the involvement of appellant. The appellee asserts that the investigator still does not believe Calvin A. Little's admission of guilt makes appellant less of a suspect in involvement. Indeed, Calvin A. Little's known method of forgery included the use of other persons to pass checks he forged, and some witnesses testified Little was not the person who passed the checks. If any of the checks was presented during the hours which appellant was at work, the investigator was unable to verify that fact, though he did attempt such verification. It has not been conclusively established or conceded by the appellee that appellant was in fact not involved in the forgeries.

Even giving appellant the benefit of every doubt on appellee's motion for summary judgment, the consideration of all the facts and factors leaves no issue of material fact to present to a jury that the prosecution was not based on probable cause (see OCGA § 51-7-40), for the only inference that can be drawn from "all the facts" is that appellant was then and (in the investigator's expressed opinion still is) under a suspicion for involvement in the crimes, although he is not under prosecution. We are compelled to say this in affirming the grant of summary judgment to the appellee, for it appears from this record that lack of additional direct evidence is a primary reason he ultimately was not prosecuted. The investigator proceeded with probable cause and upon a reasonable belief. OCGA § 51-7-43; *West v. Baumgartner*, 228 Ga. 671 (187 SE2d 665). The case of *Abernathy v. Dover*, 139 Ga. App. 323 (228 SE2d 359) authorizes summary judgment to the appellee in a case such as this.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 6, 1989.

*Carr & Kessler, James C. Carr, Jr.,* for appellant.
*Fortson & White, Bruce H. Beerman, Michael D. St. Amand,* for appellee.